IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA et al., ) | |
| ) | Civil Action No. 08-CV-5992 |
| Plaintiffs, ) | |
| ) | |
| v. ) | Honorable Elaine E. Bucklo |
| ) | |
| JBS S.A. ) | |
| and ) | Honorable Arlander Keys |
| NATIONAL BEEF PACKING ) | |
| COMPANY, LLC ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF AGREED MOTION FOR
ENTRY OF AGREED PROTECTIVE ORDER GOVERNING DESIGNATION AND
DISCLOSURE OF CONFIDENTIAL INFORMATION**

Plaintiff United States, the seventeen Plaintiff States, and Defendants JBS, S.A. and National Beef Packing Company, LLC ("Defendants") move jointly pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure for entry of the proposed protective order to ensure that disclosure of confidential information produced by parties and non-parties in this proceeding is appropriately limited.[1] The proposed protective order provides an orderly process to govern the designation and disclosure of confidential information to assure that sensitive commercial information is not disclosed inappropriately to competitors, sellers, or purchasers. At the same time, the proposed order ensures that only legitimately confidential information receives such

---

[1] A WordPerfect copy of the proposed order has been e-mailed to the Court at Proposed_Order_Bucklo@ilnd.uscourts.gov.

1

protection in pleadings or at trial. The order affords the parties' outside counsel and experts full access to confidential information. In recognition of the public interest in court filings and court proceedings being open to the public, the protective order draws a clear procedural distinction between materials used in pretrial discovery and materials that form a part of the judicial decision-making process.

**I.     Background**

On October 20, 2008, the United States and thirteen States filed a complaint alleging that JBS's proposed acquisition of National Beef violates Section 7 of the Clayton Act, 15 U.S.C. §18.[2] The lawsuit followed an investigation, pursuant to the Hart-Scott-Rodino Act ("HSR Act"), 15 USC §18a, which gives the Antitrust Division the opportunity to evaluate certain mergers and acquisitions prior to their consummation to determine whether they may likely substantially lessen competition. During its investigation, the Antitrust Division issued requests for additional information and documents to JBS, National, and Smithfield Foods under the HSR Act. The Antitrust Division also obtained information from numerous other parties, including some beef processing companies that compete with the defendants.[3] Some of the documents and information produced by the parties and non-parties likely constitutes confidential and sensitive

---

[2] An Amended Complaint [Docket No. 48], filed on November 7, 2008, added four additional Plaintiff States.

[3] In many cases, the information and documents were obtained under the Antitrust Civil Process Act ("ACPA"), 15 U.S.C. §§ 1311-14, which gives the Antitrust Division the right to gather materials for its investigations through compulsory process and places strict limits on the disclosure of those materials during the course of the investigation. Because some of the documents produced likely include confidential information, such as internal correspondence, business plans and projections, and financial statements, when litigation is commenced, it is the Antitrust Division's policy to seek a protective order to shield the sensitive materials from disclosure.

proprietary information, such as internal correspondence, strategic business plans and projections, and non-public financial statements.

**II.     Discussion**

   **A.     There is Good Cause for the Order**

Rule 26(c)(1)(G) provides that a court may enter a protective order requiring that "a trade secret or other confidential . . . commercial information not be revealed or be revealed only in a designated way." The Court may issue such an order upon a showing of good cause. FED. R. CIV. P. 26(c)(1)(G); L.R. 26.2. Good cause "generally signifies a sound basis or legitimate need to take judicial action." *Hobley v. Burge*, 225 F.R.D. 221, 224 (N.D. Ill. 2004). In deciding whether a protective order is appropriate, the court must weigh the harm that would result from disclosure and the need of the party seeking access to the confidential material. *Rahman v. Chertoff*, No. 05 C 3761, 2007 WL 2892972, at *2 (N.D. Ill. Sept. 28, 2007) (citing *Doe v. Marsalis*, 202 F.R.D. 233, 237 (N.D. Ill. 2001)).

In this case, the protective order is necessary and justified in order to restrict the disclosure of sensitive business information. *See Ball Mem'l Hosp., Inc. v. Mut. Hosp. Ins., Inc.*, 784 F.2d 1325, 1345-46 (7th Cir. 1986) (affirming entry of protective order that restricted plaintiff hospitals' access to the confidential price data of their customer, a health insurance company). It is well recognized that the disclosure of sensitive information to competitors can cause harm. *See Fieldturf Int'l, Inc. v. Triexe Mgmt. Group, Inc.*, No. 03 C 3512, 2004 WL 866494, at *3 (N.D. Ill Apr. 16, 2004); *Doskocil Cos., Inc. v. C & F Packing Co., Inc.*, No. 89 C 0600, 1989 WL 152808 (N.D. Ill. Nov. 20, 1989). Such disclosure harms both the competitor whose information is disclosed and the competitive process, which depends on

allowing and encouraging firms to try to "steal a march" on their competitors. *See Hosp. Corp. of Am. v. FTC*, 807 F.2d 1381, 1388 (7th Cir. 1986). In accordance with the Court's standing Case Management Procedures, the proposed protective order does not include an express finding of good cause.

      **B.    The Proposed Order Appropriately Balances the Interest of Parties and Non-Parties of Protecting Confidential Information with the Interest of the Court in Full Disclosure.**

The proposed order complies with Seventh Circuit precedent that shows a clear preference for narrowly tailored protective orders. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999). The proposed order permits parties and non-parties to designate information, produced during the investigation and during discovery in this action, as "Confidential Information," following the definition in Fed. R. Civ. P. 26(c)(1)(G).[4] In addition, any party may challenge a designation of confidential information at any time and the proposed order outlines procedures for the challenge (paragraphs 11 and 12 of the proposed order).

Recognizing the difference between information obtained in pretrial discovery and information filed with the Court or admitted at trial, the proposed order establishes a presumption that documents and testimony submitted to the Court are to be disclosed on the record, absent an order from the Court. The proposed order sets forth a procedure under which

---

[4] In view of the large volume of information produced by Defendants in the course of the Plaintiffs' investigation, the proposed order states that Defendants will review the materials provided during the investigation for a limited number of custodians and designate any confidential information provided to Plaintiffs during the investigation from those custodians (paragraph 3 of the proposed order). The remainder of the documents produced by Defendants during the investigation will be deemed to be designated confidential information.

4

the parties (and non-parties when applicable) first attempt to resolve any confidentiality issues before documents containing confidential information are filed with the Court (paragraph 17 of the proposed order). If the confidentiality issues are not resolved prior to filing, the designating party must file a motion with the Court objecting to public disclosure. Absent such a motion, an unredacted version of the material will be filed with the Court after three days. Finally, the proposed order provides that, absent a ruling from the Court, all documents and testimony admitted at trial will be disclosed and made a part of the public record (paragraph 18 of the proposed order).

### III. Conclusion

The proposed protective order ensures an orderly procedure for the designation and disclosure of confidential information, and appropriately balances the needs of the parties and non-parties to shield sensitive documents from competitors and the interest of the Court in full disclosure. Accordingly, it should be entered by the Court.

Respectfully submitted,

| _____s/_____ | _____s/_____ |
|---|---|
| Claude F. Scott, Jr., Esq. | Matthew R. Kipp, Esq. |
| Counsel for the United States | Counsel for JBS S.A. |
| U.S. Department of Justice | Skadden, Arps, Slate, Meagher & Flom LLP |
| 450 Fifth Street, NW | 333 W. Wacker Drive, Suite 2100 |
| Suite 4100 | Chicago, IL 60606 |
| Washington, DC 20530 | TEL: (312) 407-0728 |
| TEL: (202) 353-0378 | matthew.kipp@skadden.com |
| claude.scott@usdoj.gov | |

| _____s/_____ | _____s/_____ |
|---|---|
| J. Thomas Prud'homme, Esq. | Paula W. Render, Esq. |
| Lead Counsel for Plaintiff States | Counsel for National Beef Packing Co., LLC |
| 300 W. 15th St. | Jones Day |
| Austin, TX 78701 | 77 West Wacker |
| TEL: (512) 936-1697 | Chicago, IL 60601 |
| jtp1@oag.state.tx.us | TEL: (312) 269-1555 |
| | prender@jonesday.com |

Joe Sims, Esq.
Leslie Overton, Esq.
Hugh Hollman, Esq.
Jones Day
51 Louisiana Avenue NW
Washington, DC 90001
jsims@jonesday.com
lcoverton@jonesday.com
hmhollman@jonesday.com

Dated: November 19, 2008